IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN ABRAHAMSON,** | : |
| **Plaintiff,** | : Case No. 2:13-CV-01034 |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Kemp |
| **STEVE SMITH**, *et al.*, | : |
| **Defendants.** | : |

## OPINION & ORDER

This matter is before the Court on Defendants Steve Smith, William Wrightsel, George C Smith Trust, Anytime's Towing Service, LLC ("ATS"), and Smith Equipment & Truck Sales, LLC's ("SETS") Motion to Dismiss Plaintiff John Abrahamson's Complaint. Plaintiff John Abrahamson brings the following four claims: (1) Fraud and Violations of the Ohio Deceptive Trade Practices Act; (2) Tortious Interference with Business Relationships; (3) Civil Conspiracy; and (4) Conversion. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendants' Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff alleges that on August 26, 2013, Defendants Smith and Wrightsel, acting as owners of ATS, illegally removed twelve trailers belonging to Plaintiff, with their contents, from 3600 Fisher Road in Columbus, Ohio, and transported them to 2025 Harmon Avenue. (Doc. 2 at 4). Plaintiff alleges Defendants refuse to return the trailers, resulting in continuing harm to his business. (*Id.*). Further, Plaintiff asserts that the trailers have been damaged as a result of the Defendants' negligence. (*Id.*). Plaintiff argues that ATS is not licensed with the Public Utilities Commission of Ohio, that it does not meet the requirements of the Ohio Revised Code to tow from private property, and that it is not a registered corporation in Ohio. (*Id.*).

Plaintiff maintains that his trailer have suffered significant damage in the process of their moving and storage by Defendants.  First, and despite the fact that he was assured that there was video surveillance and an alarm system at 2025 Harmon Avenue, Plaintiff asserts all but one of his trailers were broken into due to Defendants' negligence in providing a secure storage location and not parking the trailers so that rear doors were inaccessible. (*Id.* at 5).  After this incident, Defendants arranged the trailers so the rear door could not be accessed, but Plaintiff insists that, in doing so, Defendants damaged a trailer. (*Id.* at 5-6).  Further, Plaintiff recounts that one trailer was irreparably damaged due to improper towing, and that the contents of the trailers have been damaged due to the unpaved lot the trailers were towed across. (*Id.* at 6).

The trailers at issue in this case are also the subject of state court case, *Backstreet Enters., Inc. v. Abrahamson*, No. 2013-CVF-0019 (Franklin Cnty. Mun. Ct.).  (*See* Doc. 5-10 at 3).  In that matter, Backstreet Enterprises, Inc. ("Backstreet"), brought an action against Plaintiff for breach of a storage rental contract for 3620 Fisher Road, Columbus, where Plaintiff left fourteen trailers. (*Id.*). On January 16, 2014, the Franklin County Municipal Court issued an *Order of Attachment* in connection with Backstreet's case against the Plaintiff. (*Id.* at 2).  After issuing notice to Plaintiff on February 1, 2013, the court's deputy clerk, on February 7, secured and levied the *Order of Attachment* on the twelve trailers at issue.[1]  (*Id.*).  After judgment was entered against him in the state court action, Plaintiff filed a motion to stay the sale of the twelve trailers on August 15, 2013, arguing that the court's appraisal value was too low. (*Id.*).  The state court denied Plaintiff's motion on August 16, 2013, and further dismissed his appeal, on November 8. (*Id.* at 2-3).  The twelve trailers were removed from Fisher Road on August 26.

Plaintiff commenced his action in this Court on October 17, 2013, asserting claims for fraud, violation of the Ohio Deceptive Trade Practices Act, tortious interference with business

---

[1] Two of the original fourteen trailers identified in the Order of Attachment had been reported stolen.

2

relationships, civil conspiracy, and conversion. (Doc. 2 at 2, 4-9). Defendants moved to dismiss on December 17, 2013. (Doc. 5). Defendants argue that the Court lacks subject matter jurisdiction over this case, and that Plaintiff has failed to state a claim on which relief can be granted. (*Id.* at 1). In particular, Defendants argue that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review Plaintiff's claims, since the source of each of Plaintiff's alleged injuries arises from the state court's decision, and thus this Court would be required to invalidate the state-court proceedings in order to grant Plaintiff his requested relief. (*Id.* at 6-9).

## II.     STANDARD OF REVIEW

Subject matter jurisdiction is a threshold matter that a court must decide prior to considering a claim's merits. *City of Health, Ohio v. Ashland Oil, Inc.,* 834 F. Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1993). A facial attack challenges the legal sufficiency of the complaint. When considering such a challenge, the court "must take the material allegations of the petition as true and construe[] [them] in the light most favorable to the nonmoving party." *Id.*

A "party faced with a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) may not rest on factual assertions in its pleadings." *Rutkofske v. Norman*, No. 95-2038, 114 F.3d 1188, at *3 (6th Cir. June 4, 1997); *see also Ohio Nat'l. Life Ins. Co.*, 922 F.2d 320, 325 (6th Cir. 1990) ("[W]hen a court reviews a complaint under a factual attack [on jurisdiction] . . . no presumptive truthfulness applies to the factual allegations."). Nonetheless, the nonmoving party must still be given ample opportunity to secure and present evidence relevant to the existence of

3

jurisdiction. *Rogers*, 798 F.2d at 918.  Accordingly, this Court may look beyond the jurisdictional allegations contained within the Complaint and consider all submitted evidence. *Humphrey v. United States Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

### III.   ANALYSIS

Defendants argue that, under the *Rooker-Feldman* doctrine, this court lacks subject-matter jurisdiction.  The *Rooker-Feldman* doctrine stands for the proposition that the United States district courts lacks subject matter jurisdiction to review state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine is based on the logic that because review of state court decisions is vested in the United States Supreme Court under 28 U.S.C. § 1257(a), a district court lacks jurisdiction to review a state court judgment. *Exxon Mobil Corp.*, 544 U.S. at 292.

Accordingly, the party who lost "in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  The *Rooker-Feldman* doctrine, however, does not apply to "independent claims" before the district court. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2007).  The determination of whether a plaintiff is bringing an independent claim is based on the "source of the injury." *Id.* at 368.

The district court only lacks jurisdiction under the Doctrine if the "source of the injury" is a state court decision. *Lawrence*, 531 F.3d at 368; *see also McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006). If there is some other source of injury, such as the actions of a third party, the doctrine is inapplicable. *McCormick*, 451 F.3d at 392 (holding *Rooker-Feldman* doctrine did not preclude subject matter jurisdiction over plaintiff's claims that several defendants committed fraud and misrepresentation during state court proceeding as those claims were based on independent source of injury). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Tropf*, 289 F.3d at 937 (citing *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

Defendants argue that the *Rooker-Feldman* doctrine applies in this case because Plaintiff's injury is the result of the state-court judgment. This Court agrees. On January 16, 2013, the state court issued an *Order of Attachment* in connection with a case against the Plaintiff for breach of a storage rental contract, and secured and levied the *Order of Attachment* on the twelve trailers at issue. (Doc 5-10 at 2). After judgment was entered against him, Plaintiff filed a motion to stay the sale of the twelve trailers, but the state court denied Plaintiff's motion on August 16, 2013, and further dismissed his appeal on November 8, 2013. (Doc 5-10 at 2–3). Plaintiff commenced his action in this Court on October 17, 2013. (Doc. 2 at 2, 4). On December 17, 2013, the state court issued an order of supplemental writ of execution for the twelve trailers attached by that court on January 16, 2013, and therein noted that:

> [t]his Court thereby retains its existing jurisdiction over: the 12 trailers that were levied upon by this Court on February 7, 2013, for the purpose of satisfying the underlying judgment and all costs of these proceedings and the enforcement of this order; and any subsequent application(s) for the confirmation and distribution of any and all proceeds deposited pursuant to this order whether paid

5

> by the Defendant John Abrahamson and/or derived from the Bailiff's execution sale of the twelve (12) trailers, or any part thereof. Unless redeemed by the Defendant or sold upon execution, as set forth in this Order, the 12 trailers shall remain stored at Smith's equipment & Truck Sales, at 2025 Harmon Avenue, Columbus, Ohio 43223.

(Doc. 5-10 at 4).

Because any grant of federal relief can only be predicated upon a determination that the state court was incorrect in retaining its jurisdiction over the trailers, the *Rooker-Feldman* doctrine applies. The source of Plaintiff's injury pertains only to the storage and deprivation of his access to the twelve trailers. According to the state court, Plaintiff did not have a possessory interest in the twelve trailers at the time they were removed from Fisher Road on August 26, 2013. Thus, his claims for fraud and violations of the Ohio Deceptive Trade Practices Act (count one); tortious interference with business relationships (count two); civil conspiracy (count three); and conversion (count four) cannot be granted relief without determining that the state court did not have jurisdiction over the property at the time it was removed. Accordingly, the *Rooker-Feldman* doctrine precludes this Court's jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to establish subject matter jurisdiction. Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**. The matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 12, 2014**

6